UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

DICKERSON BROADCASTING, INC.,
a Florida corporation,

    Plaintiffs,

v.             CASE NO. 3:05-cv-733-J-25TEM

COX RADIO, INC.,
a Delaware corporation

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before this Court on Plaintiff's Motion for Remand and Memorandum in Support (Dkt. 7) and Defendant's response in opposition thereto (Dkt. 11). Upon consideration of the same, this Court finds as follows.

This is an action for damages based upon trade name infringement and trade name dilution. On July 1, 2005, Plaintiff filed suit in the Eighth Judicial Circuit in and for Bradford County. On August 3, 2005, Defendant filed its Notice of Removal premised on diversity jurisdiction. *See* 28 U.S.C. §1332(a). Plaintiff has moved to remand, arguing that the amount in controversy does not exceed $75,000.00.

The party seeking removal bears the burden of establishing federal jurisdiction. *Williams v. Best Buy Company, Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). When a plaintiff fails to plead a specific amount of damages, the removing defendant, by a preponderance of the evidence, must prove that the amount in controversy exceeds the $75,000 jurisdictional requirement. *Id.* However, a defendant can not rely solely on "conclusory allegations" to show that plaintiff's claims exceed $75,000. *Id.* at 1319-20.

Here, Plaintiff's complaint alleges "damages in excess of $15,000 exclusive of interest, costs and attorney's fees" but does not seek a specific amount in controversy. Pl. Complaint ¶¶ 1, 14, 19. Defendant removed this case arguing that Plaintiff's pleading proves that the amount in controversy exceeds $75,000. Defendant points to the following: 1) Dickerson's allegations that Cox Radio's use of the mark infringes its rights and seeks an injunction, compensatory and punitive damages for its alleged losses; 2) Dickerson's allegations that it will suffer loss of market share, loss of advertising, loss of reputation and loss of revenue; 3) Dickerson's allegations that its goodwill, of "great and incalculable value" has been impaired by Defendant; and 4) Dickerson's allegations that it has suffered damage to its "valuable and integral trade name and branding." Def. Mot. Removal ¶ 7. Defendant then cites four recent trademark infringement cases from Florida courts which it claims shows that trademark infringement case damages often exceed $75,000. However, each of the cases cited by Defendant involve parties engaged in retail businesses where they incurred specific monetary damages due to lost sales over a significant time span.[1] In contrast, this case involves the alleged infringement of a radio station's trademark over an 8 month time span.[2] Thus, the cited cases do not persuade the Court that the damages in this action are above $75,000.

---

[1] Defendant cites *PetMed Express, Inc. v. MedPets.com, Inc.*, 336 F.Supp.2d 1213 (S.D. Fla. 2004)(in which a court awarded over $900,000 to a nationwide online pet pharmacy after the entry of default judgment against Defendant); *IBP, Inc. v. Hady Enter., Inc.*, 267 F.Supp.2d. 1148 (N.D. Fla)(in which a court awarded over $4.4 Million in lost profits and punitive damages to the world's largest beef producer); *Nutrivida, Inc. v. Inmuno Vital, Inc.*, 46 F.Supp.2d 1310 (S.D. Fla. 1998)(in which the infringing activity occurred from July 1995 through February 1997 and resulted in $12 Million in lost profits); and *Compania Cervecera de Nicaragua v. Cervezas Victoria Y Tona Beers, Inc.*, 1993 WL 556426 (M.D. Fla. Sept. 14, 1993) (in which the court awarded over $500,000 compensatory damages for lost profits against an infringing beer producer).

[2] The allegedly infringing activity began on December 25, 2004, and this case was removed on August 3, 2005.

Plaintiff, in its motion to remand attaches Benjamin Dickerson's affidavit in which he states that he is not seeking in excess of $74,000 exclusive of interest and costs. This affidavit can not be considered, however, because it is post-removal evidence. The Court must determine jurisdiction at the time of removal. *Poore v. American-Amicable Life Ins. Co.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000). However, Defendant has presented no evidence to suggest that the damages Plaintiff seeks in this case meet the statutory requirement. As discussed previously, Defendant's conclusory allegation and its reliance on dissimilar cases is not sufficient. Therefore, Plaintiff's motion to remand is due to be granted.

Accordingly, it is **ORDERED**:

1. Plaintiff's Motion for Remand (Dkt. 7) is **GRANTED**.

2. This cause is **REMANDED** to the Circuit Court of the Eighth Judicial Circuit in and for Bradford County, Florida.

3. This Court will retain jurisdiction over this matter solely for the determination of whether Plaintiff is entitled to costs and fees.

**DONE AND ORDERED** in Chambers this 16th day of December, 2005.

HENRY LEE ADAMS, JR.
UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record